UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 26-CR-21 (JRT/ECW)

UNITED STATES OF AMERICA,

                Plaintiff,

v.

JOSE PEREZ-GONZALEZ,

                Defendant.

**MOTION TO DISMISS
WITHOUT PREJUDICE
PURSUANT TO RULE 48(a)**

The United States of America, by and through its attorneys, Daniel N. Rosen, United States Attorney for the District of Minnesota, and SAUSA, Sommer Honeycutt Special Assistant United States Attorney, respectfully moves to dismiss without prejudice, pursuant to Federal Rule of Criminal Procedure 48(a), the indictment in the above-captioned case.

## DISCUSSION

Federal Rule of Criminal Procedure 48(a) provides that "[t]he government may, with leave of court, dismiss an indictment." Generally, unless a contrary intent is clearly expressed, Rule 48(a) dismissals are without prejudice. *See, e.g.*, *United States v. Arradondo*, 483 F.2d 980, 983 (8th Cir. 1973) (citations omitted); *United States v. Davis*, 487 F.2d 112, 118 (5th Cir. 1973); *cf. United States v. Oliver*, 950 F.3d 556, 562 (8th Cir. 2020) (recognizing that Rule 48 dismissals are not by their very nature with prejudice, so dismissal does not bar subsequent prosecution for the same criminal acts in dismissed indictments). In addition, the government is entitled to a presumption of good faith when it requests a dismissal under Rule 48. *See, e.g.*,

*United States v. Jacobo-Zavala*, 241 F.3d 1009, 1012 (8th Cir. 2001) ("[T]he presumption of regularity supports [the Executive Branch's] prosecutorial decisions and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties.") (quoting *United States v. Armstrong*, 517 U.S. 456, 464 (1996)); *United States v. Dyal*, 868 F.2d 424, 426 (11th Cir. 1989). Indictments are dismissed without prejudice if the reason for dismissal does not go to the merits or demonstrate a purpose to harass. *See Dyal*, 868 F.2d at 426. Indeed, Rule 48(a)'s leave-of-court requirement was designed to protect a defendant from harassment by a prosecutor's charging, dismissing, and recharging the defendant. *See, e.g.*, *United States v. Derr*, 726 F.2d 617, 619 (10th Cir. 1984).

In light of the defendant's removal, the government believes that the interests of justice would best be served by dismissing the indictment and asks that the dismissal be granted without prejudice. The government's basis for seeking a dismissal without prejudice is three-fold. First, the government does not wish to waste judicial resources in litigating issues that are unlikely to bring the case to resolution, such as Speedy Trial motions, as well as applications for writs and warrants, where the defendant has already been removed from the United States. Second, the Eighth Circuit has recognized that the Executive Branch may simultaneously proceed with prosecution and removal given that different statutes regulate different actors with different purposes. *United States v. Pacheco-Poo*, 952 F.3d 950, 952-53 (8th Cir. 2020) (reviewing interplay between the Immigration and Nationality Act and the Bail Reform Act). Thus, this Court should not attribute to

2

the government any bad motive in removing the defendant despite the existence of the charges against him. ICE was simply following its statutory directive.

Third, if the Court dismisses the indictment without prejudice, the government will be able to bring the charges anew or, alternatively, bring new charges should the defendant return to the United States. Unlawful reentry cases are, by their very nature, record-intensive. The evidence against a defendant is maintained in his A-file. Thus, the defendant will not be prejudiced by any delay in facing prosecution, should charges be re-filed, because the evidence in the case is retained. Moreover, any re-charging almost certainly would be prompted by the intervening circumstance of the commission of a new crime (that is, a subsequent unlawful reentry) and, so, could not be fairly described as prosecutorial harassment. *See Rinaldi v. United States*, 434 U.S. 22, 29 n.15 (1977) (per curiam) (discussing amendment to Rule 48(a) requiring leave of court before government can dismiss an indictment).

## CONCLUSION

For all these reasons, the government ask that this Court grant its motion to dismiss without prejudice.

Dated: February 23, 2026                    Respectfully submitted,

**Daniel N. Rosen**
United States Attorney

*s/ Sommer Honeycutt*
BY: SASUA
Special Assistant U.S. Attorney

3